ANNIE BROWN, INDIVIDUALLY AND EXECUTRIX OF THE LAST WILL OF MEYER BROWN, DECEASED, APPELLANT, v. STEIN-JOELSON BENEVOLENT ASSOCIATION, A CORPORATION OF NEW JERSEY, RESPONDENT.

Argued May 1, 1934—Decided August 16, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Jacob L. Bernstein* (*Samuel Rosenblatt*, of counsel).

For the respondent, *Meyer W. Stein* (*William Sheps*, of counsel).

The opinion of the court was delivered by

LLOYD, J.   Appellant, as executrix of her deceased husband, sued in two counts to recover death benefits and burial grave expenses accruing upon the decease of the latter; the first count calling for the payment of $400 and the second for $100.   Judgment was given in her favor on the second count, but on the first count judgment was rendered for the defendant, and from this latter judgment plaintiff appeals.

Plaintiff's husband, Meyer Brown, was a member of the defendant society and died with dues called for by the society's constitution and laws more than two quarters in arrears.   The constitution provides in article 15, paragraph 11, that "any member in arrears for more than a period of two quarters shall not be entitled to any benefit except a burial grave."

Paragraph 3 of article 5 provides: "The financial secretary shall keep an accurate account, call the members to every meeting by postal card, two meetings before the end of the quarter send enclosed letters to each member stating their indebtedness to the society, at the first meeting of the quarter to announce a list of members in arrears from the last quarter, to send registered letters by resolution of the society to members in arrears."

None of these notices appear to have been sent and the question presented is whether failure to pay the dues automatically deprived the member of financial benefits in case of his death, or whether as a condition precedent thereto a notice of delinquency must first be given.

The courts have been reluctant to construe contracts of this character in such manner as to effect a forfeiture, and have read similar provisions respecting notice and forfeiture as interdependent, whether the effect is loss of membership or loss of property right in the form of financial benefits accruing to the member. This is illustrated in the recent case of *Bushko* v. *The Society, &c.,* 106 *N. J. L.* 504; 148 *Atl. Rep.* 724. In that case the by-laws provided that failure to pay dues for a full three months shall deprive the member of sick or death benefits. In the application for membership the applicant promised to pay the dues of the society every month regularly, and in case of any disaster happening to him he would not claim any benefits if he be three months in arrears. This was followed by this sentence: "If I be notified by registered letter sent by the secretary of the society and I do not then settle my account, I shall be expelled from the society. If I settle my account after being notified, I shall pay the fine of twenty-five cents to the society for the trouble to the society caused by me."

In construing this contract it was held that the two provisions should be read together and that as so read the forfeiture could only arise upon the notice being given. So we think must the provisions in the present case be read.

While it may be argued that a member must take cognizance of his own defaults and keep track of the payments

of his own dues, it would seem that where notice is provided for in the laws of the society, he is entitled to rely on them and to assume that he will get notice of any delinquency, either consciously or otherwise arising, before a forfeiture of all rights will be exacted of him.

The judgment in favor of the defendant on the first count will be reversed.